UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ZAMOS II, | ) | Case No. 5:05CV941 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| vs. | ) | |
| | ) | |
| ASSET ACCEPTANCE, LLC, et al., | ) | AMENDED MEMORANDUM |
| | ) | OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

The instant matter is before the Court on a motion for summary judgment filed by Defendants Asset Acceptance, LLC (Defendant Asset) and Gerald Burditt (Defendant Burditt). ECF Dkt. #65. For the following reasons, the undersigned GRANTS Defendants Asset and Burditt's motion for summary judgment. *Id.*

I. **FACTUAL AND PROCEDURAL HISTORY**

On June 20, 2005, Plaintiff filed his first amended complaint against Defendant Asset alleging a plethora of claims. ECF Dkt. #6. Plaintiff alleges that Defendant Asset violated various provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692o, The Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, and the Ohio Consumer Sales Practice Act (OCSPA), Ohio Revised Code §§ 1345.01-1345.13. Plaintiff further alleges that Defendant Asset committed civil conspiracy, intentional infliction of emotional distress, defamation, and invasion of privacy. *Id.* Plaintiff avers that in December 2004, Defendant Asset

1

began attempting to collect monies from him for an alleged debt with SBC and up until Defendant Asset's attempts to collect, Plaintiff had no direct communication from SBC relating to the owing of a debt. *Id.* at 3. Plaintiff further alleges that Defendant Asset failed to communicate any information to him about the basis of his debt and he was denied credit as a result of Defendant Asset's reports of this debt to credit reporting agencies. *Id.* at 3-4, 9-11. Plaintiff avers that Defendant Asset failed to communicate information about the debt, reported him to credit reporting agencies in order to coerce him into paying the debt, charged "illegal, unconscionable, and prohibited" interest on the debt that Plaintiff did not owe, knowingly reported a false date of delinquency to the credit agencies, and failed to respond or provide any information to Plaintiff after he made inquiry and filed a notice of dispute of the alleged debt. *Id.* at 3-4.

On August 17, 2005, after obtaining permission from the Court, Plaintiff filed a "Supplemental Complaint" incorporating his first amended complaint's allegations and claims against Defendant Asset and adding claims against Defendant Burditt in his individual capacity. ECF Dkt. #18. Plaintiff alleged that Defendant Burditt was an attorney and "debt collector" for Defendant Asset who had violated 15 U.S.C. § 1692e(5), intentionally inflicted emotional distress upon Plaintiff, invaded Plaintiff's privacy, violated 15 U.S.C. §1692c *et seq.* by contacting a third party in connection with a debt involving Plaintiff, disclosed Plaintiff's private information to those third parties, and threatened to take action that could not be taken in violation of 15 U.S.C. §1692e(5). *Id.* at 2-4.

On January 5, 2006, Defendants Asset and Burditt filed the instant motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF Dkt. #65. On

February 2, 2006, just days before his response to the motion for summary judgment was due, Plaintiff filed a motion for an "emergency" extension for his response time, which this Court denied on the same date. ECF Dkt. #s 80, 81. On February 6, 2006, Plaintiff filed his response and on February 20, 2006, Defendants Asset and Burditt filed a reply. ECF Dkt. #s 82, 90.

## II.     STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). In ruling on a motion for summary judgment, a court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). A court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists by informing the court of the basis for the motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56©)). This initial burden can be discharged by the moving party by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he or she bears the ultimate burden of proof at trial. *See Celotex*, 477 U.S. at 323; *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995).

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* FED. R. CIV. P. 56(e). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ont., Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Although the nonmoving party's evidence in opposition to summary judgment need not be of the sort admissible at trial, he must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

A movant is then entitled to summary judgment if the non-movant, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. *See Spells v. Cuyahoga Cmty. Coll.*, 889 F. Supp. 1023, 1026 (N.D. Ohio 1994). The district court does not have a duty to consider evidence in opposition to a summary judgment motion that the non-movant did not bring forth in opposition to the motion. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party.

*Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907.**III.** **ANALYSIS**

### A. FDCPA CLAIMS

Defendants first move for summary judgment on Plaintiff's claims that they violated the FDCPA. ECF Dkt. #65 at 3-5. Defendants' brief is lacking, but it appears that they assert that the Fair Credit Reporting Act (FCRA) preempts the FDCPA and the FDCPA does not provide a private cause of action for furnishing false information to a credit reporting agency. Defendants further contend that even if Plaintiff could legitimately maintain these claims, he nevertheless fails to provide evidence to support his claims under the subsections of the statute under which he sues. *Id.* at 4. Defendants elaborate no further on these conclusory assertions.

The Court finds that Defendants have failed to show as a matter of law that the FCRA preempts the FDCPA. Defendants offer no legal support for such a conclusion and merely assert that this claim is preempted by the FCRA "[a]s discussed more fully below." ECF Dkt. #65 at 4. While Defendants provide legal support and argument as to preemption of Plaintiff's state law claims by the FCRA in a later section of their motion, they do not provide any further mention of the FCRA's alleged preemption of another federal statute such as the FDCPA. Accordingly, the Court DENIES Defendants' motion for summary judgment on this assertion.

#### 1. 15 U.S.C. § 1692c(b)

Besides unsuccessfully asserting that these provisions of the FDCPA are preempted by the FCRA, Defendants also move for summary judgment by contending that the FDCPA does not provide a cause of action for furnishing false information to a credit reporting agency. ECF Dkt. #65 at 4. Again, however, Defendants fail to provide much support for such a conclusion and fail to offer any analysis beyond stating that the FDCPA "does not provide a cause of action

5

for furnishing false information to a credit reporting agency." ECF Dkt. #65 at 4.

In his first amended complaint, Plaintiff contends that Defendants violated 15 U.S.C. § 1692c(b) by communicating his alleged liability directly to various third parties, including "[v]arious members of Defendants' community, including various businesses Defendant has been alleged to have contracted with in the past". ECF Dkt. #6 at 13. However, in his response to Defendants' motion for summary judgment, Plaintiff mentions only a communication by Defendants with Mr. Osiecki, a representative of his former landlord, in conjunction with this claim. Because Plaintiff has failed to provide the Court with any other information relating to other alleged entities or individuals with whom Defendants allegedly communicated regarding his debt liability, the Court grants Defendants summary judgment on this claim as against "[v]arious members of Defendant's community, including various businesses Defendant has been alleged to have contracted with in the past". *Id.*

As to the claims regarding Defendants' communication with Mr. Osiecki, the Court grants summary judgment in favor of Defendants because Plaintiff fails to affirmatively raise a genuine issue of material fact that the contents of Defendants' communications with Mr. Osiecki included conveying information relating to Plaintiff's debt liability in violation of the FDCPA. Plaintiff merely states that Defendant Burditt, who had called Mr. Osiecki, informed Mr. Osiecki that he worked for Defendant Asset and he was a debt collector. ECF Dkt. #82 at 8-10. Plaintiff does not establish that Defendant Burditt's telephone call informing the landlord's representative of his identity and his employer violates the FDCPA.

Moreover, the Court does not find a genuine issue of material fact as to contradiction between Mr. Osiecki's deposition testimony and the affidavit that he executed, which was

6

attached to Defendants' motion for summary judgment. *Id*. at 9.  In his affidavit, Mr. Osiecki attests that he never spoke with Defendant Burditt about any debts that Plaintiff owed and at no time did Defendant Burditt inform Mr. Osiecki that Plaintiff owed on an account.  ECF Dkt. #65, Attachment 4.  Plaintiff points to numerous pages in Mr. Osiecki's deposition that he believes contradicts Mr. Osieck's affidavit.  However, Mr. Osiecki does not contradict the information that he provided in his affidavit as he repeatedly states in his deposition that he did not recall when he spoke to Defendant Burditt, and he did not recall much of the nature of the one telephone conversation that he had with Defendant Burditt, although he believed that Defendant Burditt did nothing more than identify himself, his employer, and state that he needed to verify the address for his employer.  ECF Dkt. #84 at 37-38, 94.  Mr. Osiecki also testified that he recalled that Defendant Burditt mentioned that his wife was a graduate of The Ohio State University.  *Id.* at 94.  Mr. Osiecki further stated in his deposition that he would have remembered if Defendant Burditt informed him that he was trying to collect a debt from Plaintiff and was attempting to get information in order to collect on that debt.  *Id*. at 95.  This testimony does not conflict with Mr. Osiecki's affidavit attestations that he did not recall speaking with Defendant Burditt about any debts that Plaintiff owed or that he did not recall Defendant Burditt informing him that Plaintiff owed on an account.  Even viewing these facts in the light most favorable to Plaintiff, no genuine issue of material fact is raised as to establishing that Defendants violated 15 U.S.C. § 1692c(b).

For these reasons, the Court GRANTS summary judgment in favor of Defendants on Plaintiff's 15 U.S.C. § 1692c(b) claim.

### **2**.   **15 U.S.C. § 1692e(2)(A), § 1692e(5) and § 1692e(10)**

Plaintiff also sues Defendants under other portions of the FDCPA, including 15 U.S.C. §§§ 1692e(2)(A), 1692e(5) and 1692e(10). Plaintiff alleges that Defendants violated these provisions by reporting erroneous and false obligations of Plaintiff to various third-party consumer reporting agencies. ECF Dkt. #18 at 3. Plaintiff asserts that Defendant Burditt violated 15 U.S.C. § 1692e(5) by sending a letter to Plaintiff threatening him with Rule 11 sanctions, presumably pursuant to the Federal Rules of Civil Procedure. *Id*. Plaintiff avers that in the course of negotiating "a settlement of Defendants' alleged ownership of Plaintiff's alleged debt," Defendant Burditt threatened him with Rule 11 sanctions for "alleged untruths" that Plaintiff communicated to Defendant Burditt in a prior, unsigned e-mail that was not filed with the Court. *Id.* Plaintiff avers that Defendant Asset violated this section of the statute as well by virtue of its "agency or apparent agency" relationship with Defendant Burditt. *Id.*

While Plaintiff raised such claims in his supplemental complaint, he fails to even mention these claims in his response to Defendants' motion for summary judgment. Accordingly, Plaintiff fails to meet his reciprocal burden on summary judgment as to this claim and appears to have abandoned the claim. Ergo, the Court grants Defendants' motion for summary judgment on this cause of action.

As to Plaintiff's other 15 U.S.C. §1692e claims, the FDCPA was enacted

> "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a

> debt, and it requires that collectors make certain disclosures. 15
> U.S.C. §§ 1692d, 1692e, 1692f. The FDCPA applies to "debt
> collectors," defined as "any person who uses any instrumentality
> of interstate commerce or the mails in any business the principal
> purpose of which is the collection of any debts, or who regularly
> collects or attempts to collect, directly or indirectly, debts owed or
> due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

*Acosta v. Campbell*, No. 6:04CV761ORL28DAB, 2006 WL 146208 at *12 (M.D. Fla. Jan. 18. 2006) (footnote omitted). 15 U.S.C. § 1692e generally bars debt collectors from using false, deceptive or misleading representations or means in order to collect a debt. 15 U.S.C. § 1692e. 15 U.S.C. § 1692e(2)(A) and (10), provide in relevant part that:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
>
>        \*      \*      \*
>
> 2) The false representation of–
>
>     (A) the character, amount, or legal status of any debt; or
>
>        \*      \*      \*
>
> 10) The use of any false representation or deceptive means to
> collect or attempt to collect any debt or to obtain information
> concerning a consumer.

15 U.S.C. § 1692e(2)(A) and § 1692e(10). Plaintiff maintains in his comprehensive and confusing first amended complaint that Defendants falsely and erroneously reported the character, existence, legal validity and date of the delinquency of his debt to SBC and they falsely represented said debt as a valid debt. ECF Dkt. #6 at 13-14.

    Plaintiff confines these claims to Defendants' communications to "various consumer reporting agencies and other parties to be determined through the discovery process and presented at trial". ECF Dkt. #6 at 13. Plaintiff again fails to identify the "other parties" and

9

therefore the Court must grant Defendants summary judgment on these claims for Plaintiff's failure to identify the appropriate third parties. And to the extent that he asserts that Defendants violated 15 U.S.C. § 1692e(2)(A) by communicating false representations as to his alleged debt to consumer reporting agencies, Plaintiff fails to raise a genuine issue of material fact that Defendants made any false representations relating to "the character, amount, or legal status" or date of delinquency of his debt. *See Gionis v. Javitch, Block & Rathbone,* 405 F. Supp. 2d. 856 (S.D. Ohio 2005). Plaintiff fails to establish a genuine issue of material fact that Defendants used false, deceptive, or misleading representation or means in connection with the collection of his debt. Plaintiff's mere citation to a consumer reporting agency report entry that shows a different amount than the original SBC bill does not provide sufficient evidence to raise a genuine issue of material fact on its own as to a violation of 15 U.S.C. § 1692e(2)(A).

The same is true with regard to Plaintiff's 15 U.S.C. § 1692e(10) claim. Plaintiff avers that Defendants violated 15 U.S.C. § 1692e(10) by falsely representing the debt as a valid debt to various consumer reporting agencies and others. ECF Dkt. # 6 at 14. Again, however, Plaintiff merely offers a copy of a credit reporting agency document which shows an amount different than some of the original SBC bills. This alone fails to raise a genuine issue of material fact that Defendants falsely represented the debt as a valid debt or that they used any false, deceptive, or misleading representations or means in connection with the collection of his debt.

For these reasons, the Court grants Defendants' motion for summary judgment on Plaintiff's allegations that they violated 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

### 3. 15 U.S.C. § 1692f(1)

Plaintiff also sues Defendants for violating 15 U.S.C. § 1692f(1) which prohibits debt collectors from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Plaintiff contends that Defendants attempted to collect amounts not owed under the original contract as he asserts that Defendants purchased an account for $204.93 but attempted to collect $212.70. ECF Dkt. #82. Plaintiff further concludes that the entire debt did not exist and therefore any collection attempts by Defendants were unlawful. *Id.* He also contends that if the $212.70 includes interest charges, then this interest is unlawful as well as the original contract did not provide for interest and while later billing statements only provided for 1.5% of interest per year, Plaintiff never agreed to these charges. *Id.*

Again, as in his prior claims, Plaintiff fails to meet his reciprocal burden on summary judgment of presenting significant, probative evidence raising a genuine issue of material fact that Defendants violated 15 U.S.C. § 1692f(1) . *See Gionis,* 2005 WL 3436731.

Accordingly, the Court grants Defendants' motion for summary judgment on this claim.

### 4. 15 U.S.C. § 1692g

Plaintiff further alleges that Defendants violated 15 U.S.C. § 1692g(a) and (b) by not communicating to him within five days of the initial notice regarding the amount of the alleged debt, the name of the original creditor, and the address of the original creditor and by failing to investigate his notice of dispute of the debt within thirty days of the receipt of his notice of dispute and failing to cease communications about the debt upon receipt of his notice of dispute

11

letter.  ECF Dkt. #6 at 14.

15 U.S.C. 1692g(a) requires debt collectors to provide certain notification to consumer debtors. 15 U.S.C. § 1692g(a).  In order to comply with Section 1692g(a), a debt collector's notice "must 'effectively convey' the notice to the debtor." *Smith v. Computer Credit, Inc.,* 167 F.3d 1052, 1054 (6th Cir. 1999).  Plaintiff contends that he never received any notice whatsoever from Defendants, much less one in compliance with 15 U.S.C. § 1692g(a).  Defendants move for summary judgment as to 15 U.S.C.  § 1692g, asserting that they in fact did send notice to Plaintiff, but the fact that Plaintiff did not receive the notice does not support a violation of 15 U.S.C.  § 1692g(a). Defendants cite to the deposition testimony of Mr. Kenneth Proctor, an employee of Defendant Asset, who confirmed that Defendant Asset sent its first statutory notice to Plaintiff on December 27, 2004.  ECF Dkt. #90 at 6, citing ECF Dkt. #96 at 130 ("[O]ur first notice went out on December 27th.").  Plaintiff offers insufficient evidence to raise a genuine issue of material fact as to this issue as he offers only his own unsworn attestations that he did not receive notice from Defendant Asset until March 2, 2005.  ECF Dkt. #82.

Although they cite no law for their proposition, Defendants are correct that courts have interpreted the plain language of 15 U.S.C. § 1692g(a) to require only that the debt collector send the notice to the consumer and it does not require that the debt collector ensure that the debtor receive the notice.  *See Mahon v. Credit Bureau*, 171 F.3d 1197, 1201 (9th Cir. 1999).  15 U.S.C.  § 1692g(a)  provides:

> (a) Notice of debt; contents.
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has

12

> paid the debt, send the consumer a written notice containing–
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  In *Mahon*, the Ninth Circuit Court of Appeals found that

> section 1692g(a) requires only that a Notice be "sent" by a debt collector. A debt collector need not establish actual receipt by the debtor. Section 1692g(a) explicitly states that a Notice must be sent. "[A] debt collector shall ... send the consumer a written notice...." 15 U.S.C. § 1692g(a) (emphasis added). Nowhere does the statute require receipt of the Notice.

171 F.3d at 1201 (footnote omitted).  The undersigned agrees that the plain language of the statute only requires that the debt collector send the notice, not show actual receipt by the debtor. Here, the deposition of Kenneth Proctor establishes that Defendant Asset did indeed send notice to Plaintiff.  Plaintiff disputes that he received any notice, but he does not argue or provide any evidence to raise a genuine issue of material fact that Defendant Asset did not send the required

13

notice. Accordingly, the Court grants summary judgment to Defendants on this claim.

As to 15 U.S.C. § 1692g(b), Defendants cite *Smith v. Transworld Sys., Inc*, 953 F.2d 1025, 1031-1032 (6th Cir. 1992) for the proposition that they as a debt collector were not required to conduct an independent investigation into the validity of Plaintiff's debt with SBC before attempting to collect on the debt. ECF Dkt. #65 at 5. They further conclude that Plaintiff has no evidence in order to show that Defendant Asset attempted to collect on the account after Plaintiff mailed his dispute letter and thus no violation exists. *Id*.

15 U.S.C. § 1692g(b) provides that if a debtor requests verification, the debt collector must "cease collection of the debt ...until the debt collector obtains verification of the debt... and a copy of such verification...is mailed to the consumer by the debt collector." 15 U.S.C. 1692g(b). No violation of § 1692g(b) exists when a debt collector has "ceased collection activities." *Smith*, 953 F.2d at 1031-32. Plaintiff avers that Defendants continued their collection efforts despite his March 2, 2005 dispute letter as Defendant Burditt contacted Mr. Osiecki and Defendants reported the alleged debt to consumer reporting agencies after this time period. ECF Dkt. #82. However, Mr. Osiecki could not recall when Defendant Burditt had telephoned him, stating that it was in 2005 but not recalling if the phone call occurred before April 1, 2005. ECF Dkt. #84 at 38-39. Mr. Osiecki did testify that it may have been spring or early summer, but he admitted that he was guessing in providing that deposition answer. *Id*. at 39. Insofar as the Trans Union Corporation credit report in which Plaintiff alleges that Defendants reported after March 2, 2005, the one page of the report that Plaintiff provides as evidence indicates that the report was modified on April 2, 2005 in order to change Plaintiff's address. ECF Dkt. #82, Attachment 1. The report contains a note that Plaintiff has disputed the

14

account and the codes on the report indicate that the account was modified as indicated for subscriber changes to consumer demographic data. *Id.* The document shows the change of address for Plaintiff from 1675 Main Street 122 in Kent, Ohio to 1160 Morris Rd, Apt. 1, in Kent, Ohio. *Id.* Neither the Osiecki deposition nor the Trans Union Corporation credit report provide sufficient proof to raise a genuine issue of material fact as to whether Defendants violated 15 U.S.C. § 1692g(b).

Accordingly, the Court grants Defendants' motion for summary judgment as to Plaintiff's claims under 15 U.S.C. § 1692g(b).

**B**.     **FCRA CLAIM**

In addition to his FDCPA claims, Plaintiff also sues Defendants for violating the Fair Credit Reporting Act. ECF Dkt. #6 at 18-19. Plaintiff alleges that Defendants failed "to conduct a meaningful, and/or any, investigation upon signing for defendant's notice of dispute on the second day of March, 2005 within the prescribed time limits for such; in violation of 15 U.S.C. §1681(s)(2)(b) *et seq*." *Id*. at 19.

Defendants move for summary judgment on this claim, asserting that Plaintiff has no evidence to support a claim for relief under 15 U.S.C. §1681s(2)(b). ECF Dkt. #65 at 8. Defendants contend that the statutorily-imposed obligation under 15 U.S.C. §1681s(2)(b) imposed upon a furnisher of information is owed only to the consumer reporting agency and not to the consumer as the statute exists solely for the benefit of consumer reporting agencies who face liability to the consumer under the rest of the FCRA for erroneous and inaccurate reporting. *Id.* Defendants alternatively argue that even if Plaintiff can maintain a private cause of action under this statute, he has no evidence to show that Defendant Asset failed to conduct a

15

reasonable investigation in response to a communication from a consumer reporting agency. *Id*. at 9. Defendants further maintain that Plaintiff's allegation that they knowingly reported a false date of delinquency to multiple consumer reporting agencies does not state a claim for relief under this statute. *Id.*

In response to Defendants' motion for summary judgment on this claim, Plaintiff raises claims under both 15 U.S.C. § 1681s-2(a)(1)(A) and (B). ECF Dkt. #82. However, the only part of the FCRA that applies to furnishers of information to consumer reporting agencies is 15 U.S.C. §1681s-2. *Sciria v. Huntington Bank*, Slip Copy, No. 1:05CV0533, 2005 WL 3262954, at *4 (N.D. Ohio Dec. 1, 2005). The rest of the statute applies to consumer reporting agencies only. *Id.* No private cause of action exists under 15 U.S.C. §1681s-2(a) against furnishers of information to consumer reporting agencies who report information actually knowing that errors exist, report information even though they receive notice and confirmation of such errors, fail to correct and update information that is incomplete or inaccurate or fail to provide notice of a dispute. *Id*. Subsection (d) of 1681s-2 forecloses a private cause of action as it states that any such violations shall be enforced exclusively "by the Federal agencies and officials and State officials identified in section 1681s." 15 U.S.C. § 1681s-2(d). Accordingly, to the extent that Plaintiff asserts a cause of action pursuant to 15 U.S.C. § 1681s-2(a), the Court grants Defendants summary judgment on those claims because consumers have no private cause of action under that part of the statute.

With regard to other causes of action under 15 U.S.C. § 1681s-2(b), disputes currently exist among the courts as to whether the FCRA creates a private cause of action for a consumer against a furnisher of credit information. *Ruggiero v. Kavlich,* No. 1:05 CV 1034, --- F. Supp.

16

2d ---, 2005 WL 1541096, at *2 (N.D. Ohio June 30, 2005), comparing *Carney v. Experian Info. Solutions, Inc.,* 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999) (individual consumer cannot state a claim, only a consumer reporting agency can) with *Nelson v. Chase Manhattan Mortg. Co.,* 282 F.3d 1057, 1060 (9th Cir.2002) (individual consumer can state a claim). Courts in this District, as well as the Sixth Circuit, have not definitively decided this issue, but rather have stated that *"[i]f it is assumed that a private right of action exists under § 1681s-2(b)*, the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Downs v. Clayton Homes, Inc.,* 88 Fed. Appx. 851, 854 (6th Cir.2004) (emphasis added); *Ruggiero*, 2005 WL 1541096, at *2 (emphasis added). In both of those cases, the plaintiffs had not alleged or shown that a consumer reporting agency had notified the defendant furnisher of information that a dispute existed which would have triggered the obligation to undertake an investigation. *Id.*

While the Courts in this District have not definitely determined whether an individual consumer can maintain a private cause of action under the FCRA, the undersigned agrees with the Western District Court in Tennessee in *Carney* that an individual consumer has no private cause of action under 15 U.S.C. § 1681s-2(b) because:

> The duties described in subsection (b) of § 1681s-2 are triggered only upon notice received from a consumer reporting agency, not the consumer, and appear to exist solely for the benefit of consumer reporting agencies which face liability under the remainder of the FCRA to the consumer for erroneous and inaccurate reporting. "Consumer reporting agencies naturally depend on suppliers of credit to furnish them with credit information. It is the consumer reporting agency that is charged with assuring the accuracy, confidentiality and proper dissemination of this information, however." *DiGianni,* 26 F.3d at 349. Consequently, the statutorily created obligation imposed on a furnisher of information is owed only to the consumer reporting

17

>agency not to the consumer, and an individual such as plaintiff cannot state a claim under 15 U.S.C. § 1681s-2(b).

57 F. Supp. 2d at 502. Accordingly, the undersigned grants Defendants' motion for summary judgment and dismisses Plaintiff's claims pursuant to 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b).

### C. PLAINTIFF'S STATE LAW CLAIMS

Plaintiff also brings claims pursuant to Ohio law for violation of the Ohio Consumer Sales Practices Act, intentional infliction of emotional distress, invasion of privacy, civil conspiracy, and defamation. However, because the undersigned has determined that Defendants are entitled to summary judgment on all of Plaintiff's federal claims against them, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims and dismisses these claims. 28 U.S.C. § 1367(c)(3); *see Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1230 (6th Cir. 1997).

**IV.     CONCLUSION**

Based upon the foregoing, the undersigned GRANTS Defendants' motion for summary judgment and DISMISSES all of Plaintiff's federal claims with prejudice at Plaintiff's cost.  ECF Dkt. #65.  The Court further declines to exercise its supplemental jurisdiction over Plaintiff's state law claims because summary judgment has been granted to Defendants on all of Plaintiff's federal claims.  *Id.*  The Court therefore dismisses these claims as well, but without prejudice.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

SIGNED and ENTERED on this 17th day of March, 2006.


　　　　　　　　　　　　　　　　　　　　　*/s/George J. Limbert*
　　　　　　　　　　　　　　　　　　　　　GEORGE J. LIMBERT
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge